Filed 5/30/25  P. v. Dominguez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>DARRYL ERWIN DOMINGUEZ,<br><br>    Defendant and Appellant. | D084815<br><br><br>(Super. Ct. No. INF2200015) |

APPEAL from a judgment of the Superior Court of Riverside County, Dean Benjamini, Judge.  Dismissed.

Darryl Erwin Dominguez, in pro. per.; and Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

Darryl Erwin Dominguez purports to appeal from the trial court's July 24, 2024 minute order denying his request for recall and modification of sentence.  After conducting an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and *People v. Delgadillo* (2022) 14 Cal.5th 216

(*Delgadillo*) and considering Dominguez's supplemental brief, we conclude the trial court's order is not appealable and we therefore dismiss the appeal.

## I.

### *Background*

In September 2022, Dominguez pled guilty to one count of robbery (Pen. Code,[1] § 211) and admitted one prior serious felony conviction (§ 667, subd. (a)), one prior strike conviction (§ 667, subds. (b)–(i) & 1170.12), and one aggravating factor (Cal. Rules of Court, rule 4.421(b)(3)). At the sentencing that immediately followed his plea, and pursuant to the plea agreement, the trial court sentenced him to a prison sentence of 15 years, consisting of the upper term of five years on the robbery, doubled for the strike, plus five years for the prior serious felony.

In July 2024, Dominguez filed a request titled "Motion for Modification of Sentence Pursuant to Senate Bill (SB) 1393 Evidentiary Hearing Request," in which he requested "the removal or dismissal of [his] 5-year prison prior enhancement." Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393) amended section 667, subdivision (a), effective January 1, 2019, to give courts discretion to dismiss or strike a prior serious felony conviction for sentencing purposes. (See *People v. Garcia* (2018) 28 Cal.App.5th 961, 964. In a form "judicial review and order" (capitalization omitted), the trial court denied the motion, stating that Senate Bill 1393 "is not applied retroactively, other than as to cases that are not yet final on appeal." Dominguez filed a notice of appeal from this order.

---

1    All further statutory references are to the Penal Code.

II.

*Discussion*

Dominguez's appointed appellate counsel has filed a brief raising no issues and invited this court to independently review the record under *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738. To assist this court in its review, counsel identified the following issue: "Did the trial court err in denying appellant's motion for modification of sentence pursuant to Senate Bill (SB) 1393?" Dominguez filed a supplemental brief, reiterating the same issue identified by counsel.[2]

Section 1172.1 is the statute that authorizes a trial court to recall a previously imposed sentence and resentence the defendant. It provides: "the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) When recalling and resentencing under this statute, the court is required to "apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Ibid.*, subd. (a)(2).) And the court may reduce a defendant's term of imprisonment in the interests of justice "regardless of whether the original sentence was imposed after a trial or plea agreement." (*Ibid.*, subd. (a)(3)(1).)

Although Dominguez did not explicitly invoke section 1172.1, and the trial court did not mention it, recall and resentencing to apply the

---

[2] He also mentions "another new law Senate Bill 285," which he asserts "amended . . . section 667.5(b)–(i) to do away with the 1, 3, and 5 year prison prior enhancements" and asks us to consider it although he acknowledges the asserted amendment "does not go into effect until January 1, 2025." We have no authority to apply laws not yet in effect and decline his request.

3

ameliorative benefits of changes in law such as Senate Bill 1393 is authorized by section 1172.1. But by the statute's plain terms, Dominguez is not entitled to apply for postsentence relief under section 1172.1. Nor can he invoke section 1172.1 to compel resentencing. The statute expressly provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, *the court is not required to respond.*" (§ 1172.1, subd. (c), italics added; see *People v. Faustinos* (2025) 109 Cal.App.5th 687, 695 (*Faustinos*) ["[t]hough the court can act on its own motion, defendants may not petition under section 1172.1" and if the defendant requests consideration for relief under the statute, the court is not required to respond].)

Thus, the trial court was within its authority to take no action on Dominguez's request for recall and resentencing.[3] (§ 1172.1, subd. (c).) This conclusion compels dismissal of Dominguez's appeal from the court's minute order denying his motion. Because "[a] defendant is not entitled to file a section 1172.1 petition nor to receive a ruling if he nevertheless files one," it follows that "an appeal from an order acting on his petition (*whether couched as a denial, dismissal, or any other statement that the court is not acting*) does not affect the defendant's substantial rights." (*Faustinos, supra*, 109 Cal.App.5th at p. 696.) We therefore "lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek

---

[3] The trial court was also correct in its conclusion that Senate Bill 1393 does not apply retroactively to Dominguez. The amendments to section 667, subdivision (a), had been in effect for *nearly four years* at the time of his sentencing in September 2022. Senate Bill 1393 made these amendments effective January 1, 2019. (Stats. 2018, ch. 1013, § 1, eff. Jan. 1, 2019; see *Garcia, supra*, 28 Cal.App.5th at p. 971.) At sentencing, Dominguez did not request the trial court consider its discretion to strike or dismiss the enhancement.

4

resentencing under section 1172.1.  (§ 1237, subd. (b).)"  (*Faustinos,* at p. 696.)  Because there is no appealable order, we dismiss the appeal.  (*Id.* at p. 700.)

DISPOSITION

We dismiss the appeal.

DO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

KELETY, J.

5